**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| **In re: Edgard Vasques de Miranda Neto** | **Case No. 16-10026-MSH** |
| | **Chapter 7** |
| | |
| | **Adversary Proceeding No. 16-01098** |
| **ROMILDO C. de SOUZA,** ) | |
| **Plaintiff** ( | |
| ) | |
| **vs.** ( | |
| ) | |
| **EDGARD VASQUES de MIRANDA NETO,** ( | |
| **Defendant** ) | |

## JOINT PROPOSED DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f)(3), and pursuant to an order of the Court (Hoffman, J.) dated July 15, 2016, the parties hereby submit their views and proposals on the following topics:

(A)    what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

> The Plaintiff provided a Rule 26 disclosure statement on July 22, 2016. The Defendant will provide a disclosure statement on or before August 8.

> The parties respectfully request that Court extend the discovery deadline, presently set for September 13, 2016, to October 14, 2016. The parties likewise request that the Court extend the deadline for filing a pre-trial memorandum, presently set for November 14, 2016, to December 14, 2016.

(B)    the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

> Plaintiff:

> Count 1 of the Plaintiff's complaint alleged that the Defendant willfully and maliciously injured him by failing to return money paid for a cancelled vehicle sale, and by failing to reimburse the Plaintiff for expenses incurred attendant to the aborted sale. The Defendant defaulted when the Plaintiff pursued this claim in state court. The Plaintiff anticipates conducting discovery as to the Defendant's business practices, his failure to deliver the vehicle, and his failure to return the Plaintiff's payment.

>Count 2 of the Plaintiff's complaint sought a denial of discharge based on the Defendant having falsely stated his income when filing a Schedule I in his Chapter 7 bankruptcy. The Plaintiff anticipates conducting discovery as to the Defendant's monthly income, monthly expenses, and amounts received from his mother.

>Defendant: The Defendant denies that the allegations set forth in the Complaint give rise to a claim for nondischargeability under all counts therein.

(C)    any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

>Plaintiff:

>The Plaintiff is not aware at this time of any such issues, but reserves the right to call them to the Court's attention should such issues arise and not lend themselves to amicable resolution.

>Defendant: Defendant is not aware of any such issues.

(D)    any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

>Plaintiff:

>The Plaintiff is not aware at this time of any such issues, but reserves the right to call them to the Court's attention should such issues arise and not lend themselves to amicable resolution.

>Defendant: Defendant is not aware of any such issues.

(E)    what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

>Plaintiff:

>The Plaintiff is not aware at this time of the need for any such changes, but reserves the right to call them to the Court's attention should such need arise and not lend itself to amicable resolution.

>Defendant: Defendant is not aware of any such issues.

(F)    any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

>Plaintiff:

The Plaintiff is not aware of the need for any such orders at this time, but reserves the right to request any such order, should the need arise and not lend itself to amicable resolution.

Defendant: Defendant is not aware of any such issues.